ON MOTION FOR REHEARING
DELL, Judge.
Respondent’s motion for rehearing is granted in part. The opinion dated January 11, 1989 is withdrawn and the following opinion is substituted therefor.
We reverse the trial court’s denial of appellant’s petition for relief from judgment pursuant to Florida Rule of Civil Procedure 1.540(b). Appellant’s decedent died as a result of an accident which occurred in the parking lot of the Agora Ballroom (Ballroom) which was allegedly owned by defendants, Surf Productions, Inc. (Surf), a dissolved Florida corporation, and J.J.B. & D.H.W., Inc. (JJB) along with two other corporations not involved in this appeal. Appellants filed a wrongful death action against Surf and JJB and in August of 1987 they filed an amended complaint alleging that the Ballroom was owned and operated by Surf together with other named defendants. The complaint alleged that Surf had involuntarily dissolved subsequent to the accrual of appellants’ cause of action. JJB filed a motion to dismiss and strike in which it claimed that Surf had been dissolved prior to the accident and that no cause of action could be brought against it. Appellants did not oppose the motion to dismiss allegedly because a principal of JJB (Boyle) had testified in deposition that, although Surf had once owned twenty percent of the Ballroom, he did not believe it (Surf) had any interest in the property at the time of the accident.
*1066 After the defendants filed the motion to dismiss but before the hearing on the motion appellants propounded interrogatories to the defendants seeking specific information concerning the nature of each owner’s interest in the Ballroom on the date of the accident. Appellants also moved to produce documents reflecting the relative ownership interests of the defendants. JJB objected to those interrogatories, stating:
This defendant has been deposed on that same subject (ownership of the Ballroom) on two previous occasions by two different plaintiff’s attorneys. These interrogatories represent the third time that the same topic has been covered by plaintiffs in this lawsuit. These interrogatories constitute an abuse of the discovery procedures and are harassing.
Appellants claim that they did not oppose the dismissal of the lawsuit based upon Boyle’s deposition testimony and the insistence of defense counsel that Boyle had already answered the questions concerning the ownership of the Ballroom. Surf productions was dismissed from the case.
In continuing discovery efforts, appellants brought a motion to compel discovery which the court granted. The answers to the interrogatories revealed that Surf did own twenty percent of the Ballroom on the night of the accident. The trial court denied appellant’s motion for rehearing and for 1.540(b) relief from the order dismissing the action against Surf.
Appellants’ interrogatories required disclosure of the ownership interests of Surf and JJB in the Ballroom but defendants’ objections, claiming that this information had already been received from Boyle’s deposition, kept the information from appellants until after the motion to dismiss Surf had been heard. Appellees’ argument that the deponent gave equivocal answers concerning the ownership of Surf and informed appellants that corporate counsel would have more precise information concerning ownership of the Ballroom does not overcome the fact that the ownership would have been revealed prior to the dismissal of Surf but for appellees’ failure to give discovery.
Therefore we reverse the trial court’s order denying appellant’s motion for 1.540 relief and remand this cause to the trial court with instructions to grant appellants a rehearing on Surf Production, Inc.’s motion to dismiss.
REVERSED and REMANDED.
ANSTEAD and STONE, JJ., concur.